IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TORRE L. JOHNSON, | * | |
| *Petitioner*, | * | Civil Action No. RDB-15-2420 |
| | | Civil Action No. RDB-17-3592 |
| v. | * | |
| UNITED STATES OF AMERICA, | * | Criminal No. RDB-11-346 |
| *Respondent*. | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

On November 18, 2011, Torre Johnson ("Petitioner") pleaded guilty to Armed Bank Robbery, 18 U.S.C. § 2113(a)(d)(f), and Aiding and Abetting, 18 U.S.C. § 2. (ECF No. 54.) On February 6, 2012, Petitioner was sentenced to 108 months' imprisonment. (ECF No. 66.) Petitioner did not appeal his conviction.

Petitioner, now incarcerated at FCI Ray Brook in Ray Brook, New York, has moved to vacate his sentence under 28 U.S.C. § 2255. (ECF Nos. 96 and 107.) Pending now are two Motions to Vacate under 28 U.S.C. § 2255 (ECF Nos. 96 and 107) and a Motion for Abeyance[1] (ECF No. 112). Having reviewed the parties' submissions, this Court finds that no hearing at this time is necessary. *See, e.g., United States v. Lemaster,* 403 F.3d 216, 220–23 (4th Cir. 2005) (holding that a hearing must be held "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . ."); *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004); *United States v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998);

---

[1] Petitioner filed two motions to reduce sentence (ECF Nos. 101 and 106) that will be addressed separately as part of Petitioner's criminal case.

1

*see also* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, Petitioner's Motions to Vacate (ECF Nos. 96 and 107) are DENIED, and Petitioner's Motion for Abeyance (ECF No. 112) is DENIED AS MOOT.

## BACKGROUND

On June 23, 2011, Petitioner was indicted for Conspiracy to Commit Armed Bank Robbery, 18 U.S.C. § 371, Armed Bank Robbery, 18 U.S.C. § 2113(a)(d)(f), and Aiding and Abetting, 18 U.S.C. § 2. (ECF No. 1.) Petitioner pleaded guilty to one count of Armed Bank Robbery, 18 U.S.C. § 2113(a)(d)(f), and one count of Aiding and Abetting, 18 U.S.C. § 2. (ECF No. 66.) The charge of Conspiracy to Commit Armed Bank Robbery was dismissed on motion from the United States. (*Id.*) The calculation of the advisory guidelines resulted in a range of 188 to 235 months, (31 VI), as the Petitioner was classified as a Career Offender pursuant to U.S.S.G. § 4B1.1. (ECF No. 100 at 1.) This guideline range determination was set forth in the Presentence Report in which the bank robbery was classified as a crime of violence. However, this classification had absolutely no effect on the sentencing in this case. The Court issued a sentence of 108 months which was well below the advisory guideline range.

On August 14, 2015, Petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255 ("Motion A"). (ECF No. 96.)[2] The Federal Public Defender's Office filed a Supplemental Motion to Vacate on June 8, 2016 (ECF No. 100), which was subsequently

---

[2] Civil Action No. RDB-15-2420.

withdrawn (ECF No. 102).³ On December 4, 2017, Petitioner filed an additional Motion to Vacate under § 2255 ("Motion B"). (ECF No. 107.)⁴ The Government responded in opposition to both Motions to Vacate on January, 10, 2018. (ECF No. 109.) Following the response asserting Petitioner's motions to vacate were untimely, this Court ordered that Petitioner was granted 28 days from February 13, 2018 to provide the Court further information regarding his entitlement to equitable tolling for the one-year statute of limitations in each of his pending civil cases. (ECF No. 111.) On March, 5, 2018, Petitioner responded by filing a Motion of Abeyance. (ECF No. 112.)

**STANDARD OF REVIEW**

As the Petitioner proceeds *pro se*, this Court must construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 Fed. App'x 141 (Mem) (4th Cir. Oct. 5, 2017) (citing *Erickson* for the proposition that "[p]ro se complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers").

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States,* 368 U.S. 424, 426-27 (1962)

---

³ The motion asserted that the term "crime of violence" as used in U.S.S.G § 4B1.2(a) is unconstitutionally vague and cites *Johnson v. United States*, 135 S. Ct. 2551 (2015). On March 6, 2017, the Supreme Court held that the provisions in the United States Sentencing Guidelines could not be challenged as unconstitutionally vague as they are merely advisory. *Beckles v. United States*, 137 S. Ct. 886, 892 (2017).

⁴ Civil Action No. RDB-17-3592.

3

(citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman,* ___ U.S. ___, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant . . . show[s] cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

A one-year statute of limitations applies to § 2255 petitions. 28 U.S.C. § 2255(f). The limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*; *see also Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014). A conviction becomes final for the purpose of starting the one-year limitations period when the opportunity to

appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003); *United States v. Sosa*, 364 F. 3d 507, 509 (4th Cir. 2004).

**DISCUSSION**

I. **Petitioner's Motions under § 2255**

   A. **Statute of Limitations under § 2255(f)**

The Petitioner asserts two grounds in Motion A which can be liberally construed as the following three claims: (1) the enhancement regarding the use of a firearm during the commission of a robbery under U.S.S.G. § 2B3.1(b)(2)(C) is not applicable because he was not aware that a firearm was used in the robbery; (2) the career offender enhancement, U.S.S.G. § 4B1.1, is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015)[5]; and (3) Petitioner's prior drug charges do not qualify as predicate offenses under § 4B1.1 of the U.S. Sentencing Guidelines. (ECF No. 96 at 7-10.) In Motion B, the Petitioner reasserts his claim that he was not aware that a firearm was used in the robbery and cites *Dean v. United States*, 137 S. Ct. 1170 (2017). (ECF No 107 at 4-7.)

The Petitioner's motions are untimely under § 2255(f)(1). Petitioner's judgement of conviction became final on February 21, 2012 when the fourteen day time period for filing an appeal expired. (ECF No. 66.) Therefore, the limitations period prescribed by § 2255(f)(1), expired one year later on February 21, 2013. Motion A was not filed until August 14, 2015, more than two years after the limitations period had expired. (ECF No. 96.) Motion B was not filed until December, 4, 2017, more than four years after the limitations

---

[5] Petitioner later supplemented his constitutional vagueness claim by citing *Beckles v. United States*, 137 S. Ct. 886 (2017) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) in Motion B. (ECF No. 107 at 3.)

5

period had expired. (ECF No. 107.) To the extent that Motion B can be considered a supplemental or amended motion to vacate, the supplemental motion would not be timely unless the original motion was timely. *See Krupski v. Consta Crociere S. p. A.*, 560 U.S. 538, 540-41 (2010)); *see also Grattan v. Burnett*, 710 F.2d 160, 161 (4th Cir. 1983) (requiring an amendment to relate back to "an earlier and *timely*" action) (emphasis added). Therefore, because Motion A is untimely, Motion B is also untimely even if it is considered a supplemental or amended motion.

Petitioner appears to justify the untimeliness of his motions under § 2255(f)(3). In support thereof he sites *Johnson*, 135 S. Ct. 2551, *Dean*, 137 S. Ct. 1170, and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), but those cases do not apply. While *Johnson* created a right that was "newly recognized" by the Supreme Court, *Johnson* does not apply here. Petitioner was convicted of violating 18 U.S.C. §§ 2113(a),(d), and (f), but *Johnson* is only retroactively applicable to cases in which defendants were sentenced under the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii). *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Additionally, 18 U.S.C § 2113 does not contain a residual clause similar to the clause vacated by *Johnson*,[6] and there are presently no recent decisions invalidating any provision of 18 U.S.C § 2113 as vague. Without such a Supreme Court decision, any independent claim by Petitioner that § 2113 is unconstitutionally vague is untimely under § 2255(f)(1), and this Court need not address the merits of such a challenge.

---

[6] *Johnson* invalidated a portion of the Armed Career Criminal Act which imposed an increased sentence for defendants with three prior convictions for a "violent felony," §924(e)(1), which was defined by §924(e)(2)(B) as any felony that "involves conduct that presents a serious potential risk of physical injury to another." However, § 2113(a)(d)(f) merely uses the term "force or violence" when defining the offense and does contain any language resembling a residual clause.

6

Petitioner also cites *Dean* which held that a sentencing court may consider the mandatory minimum sentence under 18 U.S.C. § 924(c) when calculating an appropriate sentence for a predicate offense. Petitioner was not convicted under § 924(c), and therefore *Dean* does not apply. Additionally, *Dean* has not been held retroactively applicable to cases on collateral review. (*See* ECF No. 109 at 5 (citing *United States v. Dean*, 2017 WL 6349834, at *2 (D.S.C. Dec 13, 2017)).)

No appellate court has presently held that *Dimaya* is retroactively applicable to cases on collateral review.[7] Even assuming, arguendo, that *Dimaya* is retroactively applicable, it also does not apply to Petitioner. In *Dimaya*, Immigration Judges determined that the Defendant was a deportable alien under the Immigration and Nationality Act, 8 U.S.C. § 1227, as he had been previously convicted of two aggravated felonies which satisfied the definition of a crime of violence under 18 U.S.C. § 16(b). On appeal, the Ninth Circuit held that the residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague and the Supreme Court affirmed. This case is not an immigration case and Petitioner's conviction under § 2113(a)(d)(f) is in no way related to the Immigration and Nationality Act nor § 16(b). Despite that fact, Petitioner notes the language in § 16(b) is similar to § 924(c) which defines a "crime of violence" as any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(b).

---

[7] *See, e.g.*, *United States v. Ovallas*, 2018 WL 2209427 (11th Cir. May 15, 2018) (agreeing to rehear en banc an earlier ruling upholding § 924(c)(3)(B) in response to *Dimaya*); *Pollard v. United States*, 2018 WL 2247256, at *2 (S.D. Ga. May 16, 2018) (stating *Dimaya* has not been made retroactively available on collateral review); *but see United States v. Salas*, 889 F.3d 681, 687 (10th Cir. 2018) (invalidating a conviction under 18 U.S.C § 924(c)(3)(B) but not on collateral review).

The question of whether the residual clause in § 924(c)(3)(b) is unconstitutionally vague is currently being considered by the United States Court of Appeals for the Fourth Circuit. *See United States v. Simms*, No. 15-4640 (4th Cir. argued Oct. 28, 2016) (placed in abeyance until the Supreme Court reaches a decision in *Dimaya*); *United States v. Ali*, No. 15-4433 (4th Cir. filed July 10, 2015) (same). Once again however, Petitioner was not convicted of violating § 924(c) as the defendants were in *Simms* and *Ali*. Rather, he was convicted of violating 18 U.S.C. §§ 2113(a),(d), and (f), which do not contain a residual clause similar to the one invalidated on vagueness grounds in *Dimaya*, 18 U.S.C. § 16(b), or the residual clause in 924(c) currently under review by the Fourth Circuit. The *Dimaya* decision also does not alter the timeliness analysis of Petitioner's constitutional attack on this Court's consideration of the "career offender" enhancement in § 4B1.1 of the U.S. Sentencing Guidelines,[8] which the Supreme Court found is not constitutionally void for vagueness. *See Beckles v. United States*, 137 S. Ct. 886, 895 (2017) (finding that the United States Sentencing Guidelines Manual was not subject to a vagueness challenge under the Due Process Clause). Both of petitioners § 2255 motions are therefore untimely even under § 2255(f)(3).

### B. Equitable Tolling

As Petitioner's § 2255 motions were untimely filed, they must be dismissed unless this Court determines that equitable tolling applies. *See Holland v. Florida*, 560 U.S. 631, 649–54 (2010); *Rouse v. Lee*, 339 F.3d 238, 246-47 (4th Cir. 2003) (en banc). To be entitled to

---

[8] Petitioner's claims regarding § 2B3.1 and § 4B1.1, that he had no knowledge of a gun being used and that drug offenses are not predicate offenses under § 4B1.1, are untimely under § 2255(f)(1) and he does not cite any cases that would justify their untimeliness under § 2255(f)(3). Additionally, this court did not rely upon § 2B3.1(b)(2)(C) when calculating Petitioner's sentence.

equitable tolling, the petitioner must show (1) that he has acted with "reasonable diligence" in pursuing his rights, and (2) that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649; *see also United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (equitable tolling should be "sparingly granted"). Unless the circumstances are "extraordinary," a claim alleging ineffective assistance of counsel will not typically justify the principles of equitable tolling. *Holland*, 560 U.S. at 652; *Harris v. Hutchinson*, 209 F.3d 325, 328, 331 (4th Cir. 2000) (denying equitable tolling where attorney conceded that he gave petitioner "erroneous" advice regarding the deadline for filing his habeas petition). A petitioner's lack of familiarity with the law also is not generally considered an extraordinary circumstance warranting equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (applying 28 U.S.C. § 2255).

Even construing Petitioner's pleadings liberally as required by *Erickson*, 551 U.S. at 94, Petitioner has presented no facts to demonstrate that he acted with "reasonable diligence" or that an extraordinary circumstance prevented him from timely filing his Motion. Petitioner alleges that he lacked knowledge of the statute of limitations, spent time in state prison, and that he was unable to reach his attorney. (ECF No. 96 at 6.) However, none of these circumstances present wrongful conduct by the Government or extraordinary circumstances beyond his control. *See Harris*, 209 F.3d at 330. Furthermore, after being warned (ECF No. 111), Petitioner's Motion for Abeyance focuses solely on the inapplicable *Dimaya* decision and does not offer any assertions as to government misconduct or circumstances beyond his control. (ECF No. 112.) Accordingly, equitable tolling is not available in this case.

## II. Petitioner's Motion for Abeyance

Petitioner moved to hold this action in abeyance pending the decision in *Dimaya*. (ECF No. 112.) Given that the decision in *Dimaya* was rendered on April 17, 2018, before this Court's ruling on Petitioner's motions to vacate, the Motion for Abeyance is now moot. *Dimaya*, 138 S. Ct. 1204. To the extent Petitioner seeks to rely on that decision as supplemental authority to support his untimely § 2255 motions, the motion is also untimely when the original motion is untimely. *See supra.*

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate (ECF No. 96) is DENIED. Quite simply, the Petitioner's Motion is not only barred by the statute of limitations it is totally without merit in light of *Johnson*, *Beckles*, and *Dimaya*. Petitioner's subsequent Motion to Vacate (ECF No. 107) is DENIED; and Petitioner's Motion for Abeyance is DENIED as MOOT.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability if it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v.*

*Cockrell*, 537 U.S. 322, 336-38 (2003).  Because reasonable jurists would not find Johnson's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: June 13, 2018

                                                        ____/s/_____

                                                        Richard D. Bennett
                                                        United States District Judge